IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**NATHAN RAILEY, filing as**
**Amicus curiae for Whitey Bulger, and**
**all other Protective Custody inmates**
**In the BOP,**
    Petitioner,

v.                 Civil Action No.: 3:18-CV-199
                     (GROH)

**WARDEN OF HAZELTON USP and**
**THE FEDERAL BUREAU OF PRISONS[1],**
    Respondents.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On December 11, 2018, Nathan Railey ("Petitioner"), proceeding *pro se*, and filing as amicus curiae[2] for James "Whitey" Bulger[3] ("Bulger"), and filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the actions of the Bureau of Prisons ("BOP") in its "duty and responsibility" regarding "the execution and

---

[1] Petitioner's Court-approved form lists the following parties, "Nathan Railey, Inmate [ ], in Amicus Curiae for Whitey Bulger, an inmate of Hazelton USP in West Virginia, and all other PC inmates in the BOP vs. Warden of Hazelton USP and the FBOP". ECF No. 4 at 1. The Supreme Court has recognized that, "[t]he federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over the petitioner.'" Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004). Accordingly, "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id. at 435.

[2] Railey alternatively identified himself as "amicus curiae", "agent", "agent by necessity" and "agent apparent" in his initial pleading. ECF No. 1.

[3] James "Whitey" Bulger, aged 89, died at United States Penitentiary Hazelton ("USP Hazelton") on October 30, 2018, following his transfer to that institution. https://www.bop.gov/inmateloc/; https://www.nytimes.com/2018/10/31/us/who-killed-whitey-bulger.html.

imposition of Mr. Bulger's incarceration." The Clerk issued a Notice of Deficient Pleading and Intent to Dismiss on December 11, 2018.  ECF No. 2.  On January 4, 2019, Petitioner filed the Court-approved form for a petition under 28 U.S.C § 2241. ECF No. 4.  The sole ground for relief claimed is the "[f]ailure to protect resulting in untimely death," of Bulger.  Id. at 5.  Petitioner asserts that Bulger was "a federal inmate and well-known federal informant [who was] classified as a Protective Custody (PC) Inmate."  Id.  Petitioner asserts that USP Hazelton is an "active" institution where it was "common knowledge" that Bulger would be assaulted, and that Bulger was killed less than 24 hours after transfer to Hazelton.  Id.  As relief, Petitioner requests that "Bulger's murder [ ] be declared as a 'wrongful death' at the hands of the BOP for failing to protect him."  Id. at 8.  Petition further requests, "the court to injunct this behavior and demand that BOP's policies [be] changed."  Id.

On the same date that Petitioner filed the Court-approved form, January 4, 2019, he also filed a memorandum in support thereof [ECF No. 4-4] which was styled "Supplemental Motion to Support 2241 Petition", and a number of other motions, including: a Motion to Proceed In Forma Pauperis [ECF No. 5], along with the required Prisoner Trust Fund Account Statement and Ledger Sheets [ECF Nos. 6, 6-1]; a Motion for Preliminary Injunction [ECF No. 7]; and a Motion for Permission to Proceed with Discovery Process/Request for Discovery [ECF No. 8].  The Motion for Preliminary Injunction asks the Court "to force the BOP to provide [inmates] the protection that the[ ] agency is duty-bound to provide."  ECF No. 7 at 5.

The matter is pending before this Court for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

## II. Factual and Procedural History

### A. Conviction and Sentence of Petitioner, Nathan Railey[4]

On February 24, 2011, a five-count second superseding indictment was issued by the grand jury in the Southern District of Alabama, in Case No. 1:10-CR-266. S.D.Ala. 1:10-CR-266, ECF No. 251 at 2. Petitioner was charged with the following offenses: in Counts 1, 2 and 3 with production of child pornography by a parent[5], in violation of 18 U.S.C. § 2251(b); in Count 4 with attempt to violate § 2251(b), in violation of 18 U.S.C. § 2251(e); and in Count 5 with knowing possession of images of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) & (b)(2). Id. Following a jury trial, on July 19, 2011, Petitioner was convicted of all five counts of the second superseding indictment. Id. at 6. On October 26, 2011, Petitioner was sentenced to: 360 months as to both Counts 1 and 2, with those sentences to be served concurrently to one another; 180 months as to both Counts 3 and 4, with those sentences to be

---

[4] The facts are taken from the Petitioner's criminal Case No. 1:10-CR-266 in the United States District Court for the Southern District of Alabama, available on PACER. Unless otherwise noted, the ECF entries in section II.A. refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'"). The facts included herein are taken from the Report and Recommendation filed in the case, on December 16, 2015, following Petitioner's filing of a motion to vacate or set aside pursuant 28 U.S.C § 2255. S.D.Ala. 1:10-CR-266, ECF No. 251. The Report and Recommendation was adopted by the District Court on June 20, 2016. S.D.Ala. 1:10-CR-266, ECF No. 257. The Eleventh Circuit denied Petitioner a certificate of appealability by order entered December 19, 2016, in that Court's case number 16-15393-C. S.D.Ala. 1:10-CR-266, ECF No. 262.

[5] The children who were subjected to such production of child pornography were Petitioner's stepchildren, aged approximately 8 and 12, at the time the crimes were committed. S.D.Ala. 1:10-CR-266, ECF No. 251 at 3.

3

served concurrently to one another, but consecutively to the terms imposed as to Counts 1 and 2; and to 60 months as to Count 5, with that term to be served consecutively to the terms imposed as to Counts 1, 2, 3 and 4.  Id.  On July 12, 2012, the Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction.  Id. at 6 – 7, United States v. Railey, 481 F. App'x 545 (11th Cir. 2012) (per curiam) (unpublished).  Petitioner did not seek *en banc* rehearing, nor did he petition the United States Supreme Court for certiorari review.  Id. at 7.  According to the Bureau of Prisons' inmate locator page, Petitioner's projected release date is January 4, 2055.

### B. Conviction and Sentence of Bulger

The United States Court of Appeals for the First Circuit summarized Bulger's conviction and sentence in its March 4, 2016 opinion:

> After evading authorities for fifteen-plus years, fugitive James "Whitey" Bulger, the head of an organized crime syndicate in Boston from the 1970's to the 1990's, was captured. Bulger, who had been indicted in connection with a racketeering conspiracy while on the run, was brought to trial. The jury found him guilty of the vast majority of charged crimes and he was sentenced to life in prison. Bulger appeals the conviction, claiming that he was deprived of his right to a fair trial when both the government and trial court got a few things wrong prior to and during trial. Having closely considered the array of claimed errors, we affirm.

United States v. Bulger, 816 F.3d 137, 140 (1st Cir. 2016).  The United States Supreme Court denied Bulger's petition for a writ of certiorari on October 3, 2016.  Bulger v. U.S., 137 S.Ct. 247 (2016).  Bulger died on October 30, 2018, at age 89 at USP Hazelton.

There is no alleged connection between the convictions of Petitioner and Bulger.

C.     **Instant § 2241 Petition**

In the instant § 2241, Petitioner asserts that the BOP failed to properly protect Bulger, who was or should have been in Protected Custody status.  Petitioner appears to claim that as a sexual offender, he is similarly situated to Bulger, as an inmate to whom BOP owes special protection.  Petitioner asserts he experienced similar treatment as Bulger at Victorville USP in Victorville, CA. ECF No. 4-4 at 5, ¶16.  Petitioner does not assert that he is the executor or guardian of Bulger's estate or that he has any legal or familial right to pursue a claim on Bulger's behalf[6].

Petitioner filed a 6-page memorandum of law [ECF No. 4-4] in support of his petition, styled "Supplemental Motion to Support 2241 Petition," which is a nearly verbatim refiling of the initating document [ECF No. 1] filed by Petitioner.  Although the memorandum does not conform to the requirements of the Local Rules of Prisoner Litigation Procedure, the Court has reviewed and considered the arguments contained therein.

### III.    LEGAL STANDARD

A.     **Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

---

[6] To the extent that Petitioner seeks relief for "all other Protective Custody Inmates in the BOP," he has failed to assert any legal authority which would authorize him to pursue claims on their behalf.

5

court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.    Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

---

[7] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. Preiser v. Rodriguez, 411 U.S. 475, 498 – 499 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." Id. at 498.

### IV. ANALYSIS

Petitioner has no standing to make such a claim on behalf of a third party, nor does he present any authority or assert that he ever received any legal authority from Bulger, or from any other inmate in Protective Custody, to raise such an issue on their behalf. As the Supreme has recognized:

> Federal courts have authority under the Constitution to decide legal questions only in the course of resolving "Cases" or "Controversies." Art. III, § 2. One of the essential elements of a legal case or controversy is that the plaintiff have standing to sue. Standing requires more than just a "keen interest in the issue." *Hollingsworth v. Perry,* 570 U.S. 693, 700, 133 S.Ct. 2652, 186 L.Ed.2d 768 (2013). It requires allegations—and, eventually, proof—that the plaintiff "personal[ly]" suffered a concrete and particularized injury in connection with the conduct about which he complains. *Spokeo, Inc. v. Robins,* 578 U.S. ——, ——, 136 S.Ct. 1540, 1547–1548, 194 L.Ed.2d 635 (2016).

Trump v. Hawaii, 138 S. Ct. 2392, 2416 (2018). Regardless of any "keen interest" Petitioner may have in Bulger's or any other Protective Custody prisoners' conditions of confinement, Petitioner himself fails to assert that he has suffered a concrete and

particularized injury[8] in connection with the conduct about which he complains while incarcerated at Hazelton. Thus, Petitioner has no standing to raise any issues concerning Bulger's or any other prisoners' execution of sentence or calculation of sentence by the BOP.

Accordingly, because Petitioner lacks standing to raise any § 2241 issues on behalf of Bulger, it is clear on the face of the petition that this court lacks jurisdiction. Moreover, because Bulger is now deceased, this Court is without jurisdiction to fashion any remedy under § 2241[9], which statute does not permit Courts to extend the remedy of habeas corpus to a prisoner unless he is in custody. Bulger's death prevents him or any agents on his behalf from obtaining relief under § 2241, because he is no longer in custody under or by color of the authority of the United States. Accordingly, this Court is without jurisdiction to consider Petition's § 2241 petition filed on behalf of Bulger.

Even if Petitioner were able to demonstrate that he has standing to pursue this claim, he does not seek relief under any permissible ground in this § 2241 petition.

---

[8] To the extent that Petitioner alleges that he was subject to similar concerns [ECF No. 4-4 at 5] as a Protected Custody inmate as USP Victorville in Victorville, California, this court does not have jurisdiction to consider such acts. As the Supreme Court recognized in Padilla, "District courts are limited to granting habeas relief 'within their respective jurisdictions.' We have interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" 542 U.S. at 442, quoting Braden v. 30th Judicial Circuit of Ky., 410 U.S. 484, 495 (1973), (internal citations omitted). To the extent that Petitioner alleges some cause of action for events which occurred in Victorville, California, this Court is without jurisdiction over the custodian of that institution.

[9] 28 U.S.C.A. § 2241(c) provides that:

The writ of habeas corpus shall not extend to a prisoner unless-- (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or (5) It is necessary to bring him into court to testify or for trial.

Petitioner's sole ground alleges that the BOP failed to protect another inmate, Bulger, which led to Bulger's death. ECF No. 4 at 5. Such a claim does not relate to either the execution or calculation of Petitioner's sentence by the BOP. Instead, Petitioner's claim relates to the conditions of confinement of a third party, Bulger.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

Because Petitioner is without standing to pursue his claims asserted on behalf of Bulger and other Protective Custody inmates, there is no need to address his other requests for relief, including his request for injunctive relief.

## V.    RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's § 2241 petition [ECF No. 4] be **DENIED and DISMISSED WITH PREJUDICE**.

It is further recommended that Petitioner's Motion for Preliminary Injunction [ECF No. 7] and Motion for Permission to Proceed with Discovery Process/Request for Discovery [ECF No. 8] both be **DENIED**, and that Petitioner's Motion for leave to Proceed in Forma Pauperis [ECF No. 5] be **TERMINATED as moot**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection.

Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: January 11, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE