# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**NATHAN RAILEY, filing as**
**amicus curiae for Whitey Bulger**,

    Petitioner,

v.

**CIVIL ACTION NO.: 3:18-CV-199 (GROH)**

**THE FEDERAL BUREAU OF PRISONS**,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 10. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on January 11, 2019. In his R&R, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed with prejudice.

## I. BACKGROUND

Upon review of the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. The Court incorporates those facts herein. However, outlined below are the most relevant facts of this case.

On December 11, 2018, Nathan Railey ("Petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The Petitioner filed this petition as amicus curiae for James "Whitey" Bulger ("Bulger"). The same day, the Clerk

issued a Notice of Deficient Pleading and Intent to dismiss for failing to file on court-approved forms. ECF No. 2. Thereafter, the Petitioner re-filed his petition on the court-approved forms, alleging one ground for relief, "failure to protect resulting in untimely death." ECF No. 4-5. As relief, the Petitioner requests that "Mr. Bulger's murder . . . be declared as a 'wrongful death' at the hands of the BOP for failing to protect him . . . that a FBI investigation be launched into cases where known [protective custody] inmates were sent to active yards . . . [and that] the Court . . . injunct this behavior and demand that BOP's policies [be] changed." Id. at 8.

On January 4, 2019, the Petitioner also filed a Motion for Leave to Proceed in forma pauperis [ECF No. 5], a Motion for Preliminary Injunction [ECF No. 7] and a Motion for Permission to Proceed with Discovery Process/Request for Discovery [ECF No. 8].

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Petitioner's right to appeal this Court's Order. 28.U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp.

2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted by the *pro se* Petitioner on January 14, 2019. ECF No. 12. The Petitioner filed a Motion for Extension of Time to File Objections on January 25, 2019. ECF No. 14. The Court granted the Petitioner's motion, giving the Petitioner until February 15, 2019 to file his objections. ECF No. 15. The Petitioner filed his objections on February 4, 2019. ECF No. 17. The same day, the Petitioner filed a Motion to Stay Proceedings [ECF No. 18], a Motion for Relief from Judgment or Order [ECF No. 19], a Motion for Declaratory Judgment [ECF No. 20] and a Request for Discovery [ECF No. 21]. Having timely filed

his objections, this Court will review the Petitioner's objections to the R&R *de novo*. The Court will review the remainder of the R&R for clear error.

### III. DISCUSSION

Magistrate Judge Trumble recommends dismissing the petition because the Court does not have jurisdiction to consider the Petitioner's claim. Specifically, the Petitioner does not have standing to raise any issues concerning Bulger's, or any other prisoners', execution of sentence or calculation of sentence by the Bureau of Prisons. Magistrate Judge Trumble found that "[r]egardless of any 'keen interest' [the] Petitioner may have in Bulger's or any other Protective Custody prisoners' conditions of confinement, [the] Petitioner himself fails to assert that he has suffered a concrete and particularized injury in connection with the conduct about which he complains while incarcerated at Hazelton." ECF No. 10 at 8. Even if the Petitioner has the authority to file this petition on behalf of Bulger, this Court does not have jurisdiction to consider such claims because Bulger is no longer in custody. Moreover, the Petitioner's claim does not relate to the execution or calculation of his sentence, but rather the conditions of confinement of a third party, Bulger.

In the Petitioner's objections, he avers that he has "reviewed much case law and [has] indeed seen how the federal courts refuse to allow prisoners to act in agency or file in amicus curiae for other inmates." ECF No. 17 at 5. The Petitioner further avers that Magistrate Judge Trumble has not provided any legal context to support that the Petitioner lacks agency. Id. at 8. The Petitioner argues that

> the rules clearly delineate that a person can stand in agency as the Real Party in Interest for the principal without joinder and the statutory context upon pro se litigants, 28 U.S.C. § 1654, does not express the disallowance of agency; rather, you find that this disallowance upon agency stems from

4

implication of the predecessor statute § 1654 and has been handed down though precedence.

Id. Moreover, the Petitioner argues that it is irrelevant that Bulger is not in custody, because he was in custody when he died. Id. at 9. The Petitioner further argues that his claim is regarding the fact or execution of Bulger's sentence because "Mr. Bulger [was] in a situation where the execution of his sentence [was] interfered with due to gross negligence and more, causing death." Id.

It is apparent from the Petitioner's filings in this matter that he has filed this petition on behalf of Bulger. The Court recognizes that the law expressly permits a "next friend" to file a § 2241 motion on behalf of a petitioner that is unable to do so himself. However, the Supreme Court strictly limited the circumstances in which next friend standing applies:

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990). The Fourth Circuit adopted this test and further concluded that "[n]o preexisting relationship whatever is insufficient" to meet the second part of next friend standing. Hamdi v. Rumsfeld, 294 F.3d 598, 604 (4th Cir. 2002).

The only relationship that the Petitioner has alleged he has with Bulger is that he is allegedly a protective custody inmate. This is not a preexisting relationship sufficient for the Petitioner to serve as a next friend on behalf of Bulger. The Petitioner lacks standing to file this petition on behalf of Bulger. Moreover, the Petitioner has not alleged

5

that he has suffered a concrete and particularized injury in connection with the conduct about which he complains of while incarcerated at Hazelton. Therefore, this Court lacks jurisdiction over the instant § 2241 petition. Accordingly, the Petitioner's objections are hereby **OVERRULED**.

## IV. CONCLUSION

Accordingly, upon careful review of the R&R and the Petitioner's objections, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 10] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. The Petitioner's § 2241 Petition [ECF No. 4] is **DENIED** and **DISMISSED WITH PREJUDICE**.

Further, the Petitioner's Motion for Preliminary Injunction [ECF No. 7], Motion for Permission to Proceed with Discovery Process/Request for Discovery [ECF No. 8], Motion to Stay Proceedings [ECF No. 18], Motion for Relief from Judgment or Order [ECF No. 19], Motion for Declaratory Judgment [ECF No. 20] and Request for Discovery [ECF No. 21] are hereby **DENIED**. The Petitioner's Motion for Leave to Proceed in forma pauperis [ECF No. 5] is **TERMINATED AS MOOT**.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** April 11, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE